20947. LOVETT *v.* ROWLAND.

DECIDED MARCH 31, 1931.

*Hatcher & Hatcher, A. L. Hatcher,* for plaintiff.

*C. S. Claxton, J. Roy Rowland,* for defendant.

LUKE, J.  W. H. Lovett brought an action in trover against J. H. Rowland for the recovery of one mule. The issue raised by defendant's answer to the plaintiff's petition, being the question of the plaintiff's title to the property, was submitted to a jury, and the verdict was in favor of the defendant. The plaintiff's motion for a new trial was overruled, and he excepted.

■ The assignments of error other than the general grounds relate solely to the charge to the jury. First, it is urged that it was error to charge the jury on the question of partnership, for the reason that no plea was filed setting up the fact of a partnership, and, therefore, that question was not involved. In this contention there seems to be no merit. Defendant had denied that title to the property was vested in the plaintiff. The evidence of the plaintiff himself suggests the probability of a joint ownership with one Weil. He says: "Weil and I were operating. I was furnishing the money and Weil was doing the work. We were engaged in the mule business, beginning September 20th, I think it was. . . The agreement we had was this: I was to furnish the money and the mules were to be sold and the money turned over to me, and the title was to remain in me until I got the amount that I had paid out, and then we were going to go fifty-fifty on the profits. . . I took the loss, except a check for $100. As to whether Weil owed me for his half of the loss, that part was never discussed as to the loss. We were buying them so cheap we just knew we would make a profit, and we discussed the profit, but not the loss. I don't feel that he owes me for one half of the losses. If he was worth it, I might ask him for it, but I have kissed it good bye." Not only does this testimony of the plaintiff himself affect the question of his title to the property, and therefore, his right to maintain the action, but it also goes to the question of the authority of Weil to make a valid sale of a portion of the partnership property in the usual course of the business. The defendant here claimed the property as a bona fide purchaser from Weil. There is no criticism in this connection of the principles of the law as stated by the trial judge in his charge to the jury, and applicable to the facts shown by the evidence. In these circumstances, we think it is clear that there was no error in this portion of the charge of the court.

■ It is also urged that the trial judge used language in his charge to the jury that intimated or expressed to the jury his opinion as to what had been proved, in that he intimated and expressed to the jury "his opinion that Mr. Rowland had bought the mule from Weil in the usual course of business by a contract of purchase, thereby withdrawing this issue from the jury." The portion of the charge to which this ground of error is directed is: "On the other hand, if you find, from the evidence delivered from the witness stand and under the law as given you in charge by the court, that the plaintiff is not entitled to recover the mule, but that the mule is the property of Mr. Rowland, the defendant in this case, under his contract of purchase with Weil, then, in that event, the form of your verdict would be: 'We, the jury, find in favor of the defendant.'" Even if the language used by the trial judge in that connection can be fairly interpreted as intimating or expressing an opinion as claimed, we are quite sure that, when read in connection with another portion of the charge, the language complained of is rendered wholly innocuous. After stating the contentions of the parties to the action, the court said: "I don't want you to understand me as expressing an opinion as to what has or what has not been proven. I am not trying to do that. That is a matter that comes wholly within your province. That is for you to say—what has or has not been proven." The whole charge must be read together, in any event.

■ Another error complained of is that, although the court charged the jury as to plaintiff's contention "that Weil delivered the mule to Mr. Rowland on some prior existing debt, and that he had no authority to do so, and that the mule is plaintiff's," nevertheless, the court failed to charge that "a partner can not employ partnership funds to pay his own pre-existing debts without the consent of his copartner." Though obviously, as we think, a request so to charge might appropriately have been refused if presented, it will suffice to say that, so far as the record discloses, no such request was presented.

■ In conclusion we hold that the evidence supports the verdict and that none of the grounds of the motion for a new trial discloses reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*